ELISHA PETTENGILL *versus* FRANCIS MERRILL.

When an article is manufactured to order, the manufacturer furnishing the materials, it continues to be his property until completed and delivered, or tendered.

*Replevin* will not lie to obtain possession of an article manufactured to order, until it is completed and delivered.

A accepted an order to build a boat for B, and proceeded to build one which he repeatedly declared he was building for B on the order, but, after it was finished, refused to deliver it. *Held,* that B cannot maintain *replevin* to recover the boat, his remedy being by an action on the contract.

REPLEVIN for a boat.

The plaintiff introduced the following copy of an order: —
"Bangor, Jan. 31st, 1859.

"Mr. Francis Merrill:—Please build for, and let Elisha Pettengill's agent have one twenty foot boat, of the value of sixty dollars, being such a one as he describes to you, and charge to account of your obedient servant,

"L. D. Higgins."

The order was duly accepted in writing upon the face of it by Francis Merrill.

Pettengill testified that he presented the order, and described such a boat as he wished, and Merrill accepted the order. Witness was frequently at Merrill's shop while he was building the boat, and Merrill said he was building it on the order. Witness saw the boat after it was taken; it was such a boat as he described to Merrill, but he did not know whether it was the same he built on the order.

Charles D. Gilmore testified, that he found the boat at the defendant's shop finished; the defendant said it was the boat built for Pettengill's new brig, on the order from L. D. Higgins, but that it should not be taken away.

The defendant pleaded the general issue, with a brief statement alleging property in the boat in Gibbs & Phillips, and not in the plaintiff.

On this testimony, the Court, APPLETON, J., ordered a nonsuit. The plaintiff *excepted.*

*S. W. Knowles,* for the plaintiff, argued that the defendant having accepted an order for a boat, by that acceptance received payment in advance, and, having proceeded to build the boat accordingly, it was the property of the plaintiff, on two grounds : —

1. The defendant contracted a debt to the plaintiff by accepting the order, and the boat having been built in discharge of the debt, and accepted by the, plaintiff, it became his property. The acts of the parties, in pursuance of the agreement, amounted to a transfer. If the. plaintiff had refused afterwards to receive the boat, he could not have brought an action on the order. If the defendant had built it in the plaintiff's shop instead of his own, could there have been any doubt as to the title ?

2. By accepting the order, and assuming the liability to the plaintiff, the defendant received payment for the materials furnished, and they became the property of the plaintiff. Then, as the plaintiff virtually furnished the materials and superintended the work, the boat was his. *Beaumont* v. *Crane,* 12 Mass., 400; *Stevens* v. *Briggs,* 5 Pick., 147; *Crookshank* v. *Burrell,* 18 Johns., 58; *Bement* v. *Smith,* 15 Wend., 493.

In the case of *Stevens* v. *Briggs,* just cited, A agreed to make a desk for B, B furnishing part of the materials, and A the remainder, to take pay of lumber of B's in his hands. Before finishing the desk, it was attached by a creditor of A. But the Court decided that it was the property of B. The case at bar is analagous to this, but stronger for the plaintiff. It is between the original contractors, and not between one of them and a creditor of the other.

The case of *Moody* v. *Brown,* 34 Maine, 107, differs from the case at bar. A customer ordered an article but, after it was made and tendered, refused it. He had not paid for it, nor was there any thing from which an acceptance could be inferred, except the mere giving of the order. On trial, it was held that he was not liable for the price of it, as the title did not pass to him by the transaction, but might be liable for

damages for refusing to take it. In the case at bar, it is contended that payment had been made, and there had been a delivery and acceptance of the articles.

*A. H. Briggs*, for the defendant.

The only question is, whether there was such a delivery as to pass the property. The plaintiff is obliged to show property in himself. The plea of *non cepit* does not admit the property to be in the plaintiff, when accompanied by a brief statement denying it. *Dillingham* v. *Smith*, 30 Maine, 370; 31 Maine, 296; 32 Maine, 192. When the pleadings do not admit the property in the plaintiff, or present an issue upon its being in the defendant, there must be proof of · property in the plaintiff. 30 Maine, 370. Although the pleadings claim that the property was in Gibbs and Phillips, the plaintiff fails to show property in himself, for he proves no delivery. The defendant contracted to build a boat; this may or may not be the one; but, before it was finished, the defendant decided not to deliver it to him. The plaintiff may be entitled to an action for damages, but not for the price of the article. Until a delivery, actual or constructive, the claim of a vendee rests in contract, for the breach of which he has a remedy by action. 35 Maine, 385. The property not having passed, the nonsuit should stand.

The opinion of the Court was drawn up by

RICE, J.—This is an action of replevin for a boat. The evidence shows that the defendant accepted an order in favor of the plaintiff, drawn by one Higgins, to build a boat of specified dimensions, and for a certain price. After the order was accepted, the defendant proceeded to build a boat of the dimensions specified in the order, and at different times declared he was building it on the order of the plaintiff. The boat was never delivered to the plaintiff, and the defendant refused to permit him to take it away. This action is brought to obtain possession.

There is no evidence in the case tending to show that the

materials of which the boat was constructed, or any part thereof, were furnished by the plaintiff.

By the pleadings, the plaintiff's title is put in issue. To maintain his action, he must therefore show title. *Dillingham* v. *Smith*, 30 Maine, 370.

The mere order given for the manufacture of an article, does not affect the title. It will continue to be the property of the manufacturer until completed and tendered. *Moody* v. *Brown*, 34 Maine, 107.

When an article is manufactured to order, delivery only can pass a title. Hilliard on Sales, 28; 2 Kent's Com., 504.

The contract here was merely executory. The rights of the parties, until delivery, rested in contract, and can be enforced only by an action on the contract. *Bennett* v. *Platt*, 9 Pick., 558; *Brewer & al.* v. *Smith*, 3 Maine, 44. The nonsuit was properly ordered.          *Exceptions overruled.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, JJ., concurred.